IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEMETRIA SCOTT | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-8034-MHH |
| | ) | Case No. 2:18-cr-203-MHH-GMB |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM OPINION**

Pursuant to a plea agreement, in June 2018, Demetria Scott pleaded guilty to two counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (18-cr-203, Docs. 1, 12). On October 24, 2018, the Court sentenced Mr. Scott to concurrent 60-month terms of imprisonment on the felon in possession counts. (18-cr-203, Oct. 24, 2018 minute entry). The Court entered judgment on October 26, 2018. (18-cr-203, Doc. 25). Mr. Scott did not appeal from the judgment.

On August 25, 2020, Mr. Scott moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He later filed a memorandum of law in support of his motion. (18-cr-203, Doc. 28; 20-cv-8034, Docs. 1, 16).[1] Mr. Scott

---

[1] Mr. Scott filed his habeas motion *pro se*. The Court then appointed an attorney to represent Mr. Scott. (20-cv-8034, Docs. 3, 4, 7). The Court allowed Mr. Scott's attorney to file a memorandum of law in support of Mr. Scott's motion to vacate. (20-cv-8034, Docs. 14, 15, 16).

contends that he is entitled to relief because his attorney was ineffective in several ways. (20-cv-8034, Doc. 16). Mr. Scott argues that his attorney did not investigate the law, facts, and circumstances of his case and did not advise him correctly about the plea agreement the government offered. (20-cv-8034, Doc. 16, pp. 1-2). Mr. Scott contends that his attorney negotiated a plea agreement "without the benefit of a suppression hearing" and that "had a suppression hearing occurred[,] the evidence would have been thrown out and the case dismissed." (20-cv-8034, Doc. 16, p. 4). Mr. Scott also argues that he would not have agreed to plead guilty had he "been advised of the decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019)." (20-cv-8034, Doc. 16, p. 4).[2] Mr. Scott asserts that his attorney did not follow his instruction to file an appeal. (20-cv-8034, Doc. 16, pp. 2, 4).

Citing 28 U.S.C. § 2255(f), the United States has moved to dismiss Mr. Scott's motion for relief from his sentence as untimely. (20-cv-8034, Doc. 18). The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations for filing a motion under 28 U.S.C. § 2255. Typically, under § 2255(f)(1), the one-year time limit begins to run on the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Three other events may trigger the limitations period:

> (2) the date on which the impediment to making a motion created

---

[2] As discussed below, the Supreme Court issued its decision in *Rehaif* in June 2019, more than six months after the Court entered judgment in this case.

> by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through due diligence.

28 U.S.C. § 2255(f)(2-4). Mr. Scott has not shown that his § 2255 motion is timely under these triggering events.

Mr. Scott's conviction became final and the one-year statute of limitations in § 2255(f)(1) began to run on November 9, 2018, the date on which the October 26, 2018 judgment in his case became final. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) (If a defendant fails to file a direct appeal, his conviction becomes final when the time to file an appeal expires); Fed. R. App. P. 4(b)(1)(A)(I) (for a federal prosecution, a criminal defendant must file a notice of appeal within 14 days of the entry of judgment). Mr. Scott did not file his § 2255 motion until August 25, 2020. (18-cr-203, Doc. 28; 20-cv-8034, Doc. 1). Therefore, his motion is untimely under 28 U.S.C. § 2255(f)(1).

Mr. Scott has not demonstrated that one of the other three possible triggering dates for the one-year limitations period applies in his case. To avail himself of the impediment trigger in § 2255(f)(2), Mr. Scott asserts that "he was stuck in transit due

to Covid" in early 2020 and had no access to the law library. (20-cv-8034, Doc. 1, p. 2; Doc. 20, p. 3). Mr. Scott's limitations period expired in 2019 before the Covid pandemic became pervasive in 2020, and a prisoner's inability to access a law library does not create a constitutional or statutory impediment to filing a motion for purposes of § 2255(f)(2). *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) (finding that the "mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment" under § 2255(f)(2)); *see also Akins*, 204 F.3d at 1090 ("The record does not support a finding of actual injury when Akins fails to explain why the seven months prior to lockdown were inadequate to complete and file his motion.").[3] Therefore, Mr. Scott has not identified a triggering event under § 2255(f)(2).

Mr. Scott's argument regarding the Supreme Court's decision in *Rehaif* implicates the limitations trigger in § 2255(f)(3). In its June 21, 2019 decision in *Rehaif*, the Supreme Court held that for a conviction under § 922(g), the government must prove that the defendant knew of his status as a felon when he possessed a firearm. *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). In *Seabrooks v. United States*, 32 F.4th 1375 (11th Cir. 2022), the Eleventh Circuit held that *Rehaif* applies retroactively on collateral appeal. Under § 2255(f)(3), Mr. Scott had one

---

[3] *See* ALND General Order, March 17, 2020; *see also* (20-cv-8034, Doc. 20, p. 2) (indicating that, "[a]ccording to the Bureau of Justice Statistics, [prison] lockdowns [because of COVID] did not begin until April 2020.").

year from the *Rehaif* decision on June 21, 2019, or until June 21, 2020, to file his § 2255 motion.  Mr. Scott did not file his motion until August 25, 2020.  Therefore, Mr. Scott's motion is untimely under § 2255(f)(3) because he did not file the motion within one year of the *Rehaif* decision.[4]

Mr. Scott has not shown that § 2255(f)(4) applies because he has not identified new facts pertinent to his conviction.  Regarding his claim of ineffective assistance of counsel based on his attorney's failure to file an appeal, Mr. Scott has not provided facts for this claim or explained when he discovered that his attorney did not file an appeal as instructed.  Moreover, Mr. Scott has not shown due diligence in investigating whether his attorney had filed an appeal in his case.  Consequently, Mr. Scott cannot rely on § 2255(f)(4) to make his ineffective assistance of counsel challenge timely.  *See Aron v. United States*, 291 F.3d 708, 713 (11th Cir. 2002) (reversing for an evidentiary hearing regarding whether § 2255(f)(4) applied to an ineffective assistance of counsel claim based on failure to file an appeal where Mr. Aron made "numerous and persistent efforts" to obtain his appellate documents from his attorney and "wrote many letters and placed numerous phone calls" to his attorney's office, "to no avail").

When a defendant cannot rely on a triggering event under § 2255(f)(2)-(4) to

---

[4] Because Mr. Scott's § 2255 motion is untimely, the Court does not reach the merits of Mr. Scott's *Rehaif* claim.

save a motion that is untimely under § 2255(f)(1), a district court may review the motion if equitable tolling applies. *San Martin v. McNeil*, 633 F.3d 1257, 1267-68 (11th Cir. 2011). Equitable tolling is a "rare and extraordinary remedy" and applies only if a defendant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *San Martin*, 633 F.3d at 1267, 1271 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted).[5]

For the first requirement of equitable tolling, Mr. Scott must pursue his rights with "reasonable diligence" rather than "maximum feasible diligence." *Holland*, 560 U.S. at 653. For the second requirement, Mr. Scott must show that an extraordinary circumstance beyond his control prevented him from filing the petition on time. *San Martin,* 633 F.3d at 1267. Mr. Scott has not shown either. As noted, Mr. Scott asserts that prison lockdowns because of COVID and his inability to access the law library delayed his § 2255 motion. (20-cv-8034; Doc. 1). For his non-*Rehaif* claims, Mr. Scott has not shown why he did not or could not file his habeas motion before COVID prison lockdowns began in April 2020. Mr. Scott also has not shown why he did not or could not file his habeas motion between the Supreme Court's June 21, 2019 decision in *Rehaif* and April 2020. *See Akins v.*

---

[5] *San Martin* concerns a state court conviction and applies 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Equitable tolling also applies to motions for relief from a sentence under § 2255. *Akins*, 204 F.3d at 1089.

*United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) (finding that equitable tolling did not apply where Mr. Akins did not explain why he could not have prepared or filed his motion before a first prison lockdown); *see also Powell v. United States*, CV121-023, 2021 WL 2492462, *4 (S. D. Ga. May 24, 2021) (equitable tolling was not warranted where habeas petitioner did not show diligent efforts to pursue his rights before the COVID-19 pandemic began). Therefore, equitable tolling does not extend the limitations period for Mr. Scott's § 2255 motion.[6]

For the reasons discussed, by separate order, the Court will dismiss Mr. Scott's motion for relief from the criminal judgment against him as untimely.

**DONE** and **ORDERED** this February 28, 2024.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[6] A district court may consider an untimely § 2255 motion to vacate if "a fundamental miscarriage of justice has occurred" such that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). Mr. Scott has not raised actual innocence as a basis for the Court to consider his untimely § 2255 motion.